UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VINCENT JACKSON, JR.,** | ) | **CASE NO. 1:12 CV 3083** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **NURSE J. MOWRY, _et al.,_** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J**:

_Pro se_ Plaintiff Vincent Jackson, Jr. filed the above-captioned action under 42 U.S.C. §

1983 against Lorain County Jail Nurse J. Mowry, the Lorain County Jail, and the Lorain County

Sheriff's Department.  In the Complaint, Plaintiff alleges Defendants were deliberately

indifferent to his serious medical needs.  Plaintiff seeks monetary and injunctive relief.

Plaintiff has also filed a Motion for Appointment of Counsel and a Motion to Stay

Proceedings.  (Docs. 3, 5).  Plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is

granted.  His Motion to Stay Proceedings (Doc. 5) is denied.

**I.  BACKGROUND**

At all times relevant to the instant Complaint, Plaintiff was a pre-trial detainee at the

Lorain County Jail in Elyria, Ohio.  (Doc. 1 at 2).  At approximately 11:00 p.m. on the evening

of July 5, 2012, Plaintiff claims he had a stroke and asked Corrections Officer Eric Hollis to call

the nurse.  Defendant Mowry responded to Plaintiff's cell.  When Defendant Mowry arrived,

Plaintiff claims he was sitting on the floor and unable to walk.  He advised Defendant Mowry

that he couldn't walk and told him "I think I had a stroke."  (Doc. 1 at 4).  Defendant Mowry

allegedly took Plaintiff's vitals and stated  "there seems to be nothing wrong with you that I can

find."  (Doc. 1 at 4).  When Plaintiff again stated that he believed he had suffered a stroke,

Defendant Mowry allegedly replied, "no, you're too young to have a stroke."  (Doc. 1 at 4).

Defendant Mowry then left Plaintiff's cell.

Plaintiff claims that at this point he could neither walk nor see.  He asserts Defendant

Mowry did not return to check on Plaintiff until six hours later, at 5:00 a.m.  At that time,

Defendant Mowry offered to give Plaintiff Mylanta for his stomach, as Plaintiff had apparently

vomited at some point during the evening.  Plaintiff replied "I can't even get up to get that," and

Defendant Mowry then called an ambulance.  Plaintiff asserts he was taken to the hospital and

given a CAT Scan.  He claims the CAT Scan indicated he was having a stroke.  (Doc. 1 at 4).

Plaintiff filed the instant Complaint on December 20, 2012.  He asserts Defendants were

deliberately indifferent to his serious medical needs when they failed to provide him proper

medical treatment for over six hours, despite the fact that he was exhibiting signs of a stroke.

(Doc. 1 at 5).  In addition, Plaintiff appears to assert state-law claims for medical malpractice

and negligence.  (Doc. 1 at 5).  He seeks monetary relief in the amount of $1.8 million dollars

for pain and suffering, disability, mental anguish, humiliation, physical injury and sleep

deprivation.  (Doc. 1 at 6).  He also seeks injunctive relief in the form of an Order requiring

Defendants to (1) "immediately cease the practice of providing incompetent nursing staff with limited training and medical knowledge as the primary care givers to inmates in the Lorain County Jail," and (2) upgrade the Lorain County Jail medical facility "and its personnel and training so that the jail is better equipped to deal with medical emergencies."  (Doc. 1 at 6). Plaintiff also filed a Motion for Appointment of Counsel.  (Doc. 3).

Defendants filed an Answer on January 23, 2013.  (Doc. 4).  Therein, Defendants admit Plaintiff was incarcerated at the Lorain County Jail on July 5, 2012 and transferred to the hospital on that date as a result of his medical symptoms.  (Doc. 4 at 1).  They deny they were either deliberately indifferent or negligent as alleged in the Complaint.  (Doc. 4 at 1-2). Defendants also raise a number of defenses, including (among other things) failure to state a claim upon which relief may be granted and immunity.  (Doc. 4 at 2).

Plaintiff thereafter filed a Motion to Stay on January 30, 2013.  (Doc. 5).  The basis for this Motion is not entirely clear.  It appears Plaintiff believes another Lorain County Jail inmate currently has a claim pending against the same Defendants herein.  Plaintiff asserts this Court should stay the instant action until this other unidentified action has concluded.  (Doc. 5 at 1).

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v.*

---

[1]    An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6ᵗʰ Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6ᵗʰ Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6ᵗʰ Cir. 1998).

### III.  ANALYSIS

The Court construes Plaintiff's allegations as alleging a claim under the Eighth and Fourteenth Amendments for deliberate indifference to his serious medical needs.  Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil

---

reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6ᵗʰ Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6ᵗʰ Cir. 1986).

rights statutes which authorizes an award of damages for alleged constitutional violations. As no other statutory provision appears to present even an arguably viable vehicle for the assertion of Plaintiff's constitutional claims, the Court construes them as arising under 42 U.S.C. § 1983.

To set forth a cognizable § 1983 claim, Plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). If Plaintiff fails to make a showing on any essential element of a § 1983 claim, that claim must fail. *Simescu*, 942 F.3d at 375.

The Court will consider each of Plaintiff's claims within this legal context.

## A.     Proper Parties

As an initial matter, the Court finds Plaintiff cannot maintain claims against the Lorain County Jail and the Lorain County Sheriff's Department. Courts have held that county jails and sheriff's departments are not legal entities capable of being sued in their own right for purposes of § 1983. *See e.g. Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007) (noting that "a county sheriff's office not a legal entity capable of being sued for purposes of § 1983"); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Lawson v. City of Youngstown*, 2012 WL 6154974 at * 3 (N.D. Ohio Dec. 11, 2012); *Carmichael v. City of Cleveland*, 2012 WL 1552085 at * 5 (N.D. Ohio May 1, 2012); *Abbott v. Mahoning Cty Sheriff's Dept.*, 2011 WL 108903 at * 1 (N.D. Ohio Jan. 12, 2011); *Yahnke v. Dixon*, 2010 WL 3420650 at * 1 (N.D. Ohio Aug. 27, 2010); *Hawk v. Richland County Jail*, 2012 WL 2742550 at *3 (N.D. Ohio July 9, 2012); *Boggs v. Miami County Jail*, 2011 WL 3813079 at * 2 (S.D. Ohio Aug. 9, 2011); *Sullivan v. Hamilton*

*County Jail Staff*, 2006 WL 1582418 at * 3 n. 1 (E.D. Tenn. June 5, 2006).  In light of the above, the Court finds Defendants Lorain County Jail and the Lorain County Sheriff's Department are not proper defendants in this action.

To the extent the Complaint could be construed as asserting a claim against the governing body of Lorain County, that claim would also lack merit.  Local governments may be sued under § 1983 only when the "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," inflicts the injury that forms the basis of the claim.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  A municipality can therefore be held liable only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers."  *Id*. at 690.  *See also DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

In the instant case, in order to hold Lorain County liable, Plaintiff must identify the offending policy, connect the policy to Lorain County itself, and show that his particular injury was incurred because of the execution of that policy.  *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004).  The Complaint in the instant case fails to satisfy this standard.  The only mention of the County in the Complaint is Plaintiff's request that this Court order "the Lorain County Sheriff's Department and its agents, officers and employers to immediately cease the practice of providing incompetent nursing staff with limited training and medical knowledge as the primary caregivers to inmates in the Lorain County Jail who have or has the possibility of experiencing serious medical needs and diagnosis and/or treatment."  (Doc. 1 at 6).  Plaintiff provides no further information regarding this claim.  He does not set forth any factual

-6-

allegations that either identify a particular Lorain County custom or policy, or connect that policy to Defendant Mowry's alleged deliberate indifference to Plaintiff's serious medical needs.

Under *Twombly* and *Iqbal, supra*, a plaintiff is not required to prove his claim in the Complaint, but he must plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint's factual allegations must "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although a plaintiff need not plead detailed facts, the complaint "must give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008).  Even liberally construing the Complaint, Plaintiff's general assertion that Lorain County had "a practice of" providing the Jail nursing staff with "limited training and medical knowledge" is insufficient to state a claim for municipal liability under § 1983.

Accordingly, to the extent the Complaint is construed as asserting claims against Lorain County, these claims are dismissed pursuant to § 1915(e).

**B.    Deliberate Indifference**

Plaintiff's only remaining claims, therefore, are against Defendant Mowry.  As set forth above, Plaintiff asserts Defendant Mowry was deliberately indifferent to Plaintiff's serious medical needs when he (1) failed to recognize that Plaintiff was having a stroke; and (2) left Plaintiff unattended in his cell for six hours before calling an ambulance.  (Doc. 1 at 5).

The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to prisoners' serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The Eighth Amendment, however, does not apply

-7-

to pretrial detainees, such as Plaintiff herein. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). The Fourteenth Amendment, rather, "affords pretrial detainees a due process right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Graham*, 358 F.3d at 383. *See also Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009). Thus, although the Eighth Amendment is not directly applicable to Plaintiff, its deliberate indifference standard is applied under the Fourteenth Amendment. *Graham,* 358 F.3d at 383.

A claim of deliberate indifference has both an objective and subjective component. *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008). To satisfy the objective component, the injury must be sufficiently serious. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (stating that Eighth Amendment is implicated by the "unnecessary and wanton infliction of pain" and not "inadvertent failure to provide adequate medical care"); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (requiring that the prisoner demonstrate more than "mere discomfort or inconvenience"). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore,* 390 F.3d at 897. *See also Harrison,* 539 F.3d at 518.

The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Id.* at 834. This standard is met if "the official

-8-

knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)).

As set forth above, Plaintiff alleges he had a stroke at approximately 11:00 p.m. on July 5, 2012 and requested medical assistance.  He claims he advised Defendant Mowry that he could not walk and told him "I think I had a stroke."  Defendant Mowry allegedly took Plaintiff's vitals and stated  "there seems to be nothing wrong with you that I can find."  (Doc. No. 1 at 4). When Plaintiff again stated that he believed he had suffered a stroke, Defendant Mowry allegedly replied, "no, you're too young to have a stroke."  (Doc. No. 1 at 4).  Defendant Mowry then left Plaintiff's cell.  Plaintiff claims that at this point he could neither walk nor see.  He asserts Defendant Mowry did not return to check on Plaintiff until six hours later, at 5:00 a.m. At that time, Defendant Mowry offered to give Plaintiff Mylanta for his stomach, as Plaintiff had apparently vomited at some point during the evening.  Plaintiff replied "I can't even get up to get that," and Defendant Mowry then called an ambulance.  Plaintiff asserts he was taken to the hospital and given a CAT Scan.  He claims the CAT Scan indicated he was having a stroke. (Doc. No. 1 at 4).

On the face of the Complaint, the Court finds these allegations meet the pleading standards of Fed. R. Civ. P. 8 to state a plausible claim for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth and Fourteenth Amendments.  The Complaint does not specify whether Plaintiff is suing Defendant Mowry in his individual capacity, official capacity, or both.  To the extent Plaintiff is asserting claims against Defendant Mowry in his

official capacity as Lorain County Jail nurse, these claims would be construed against Lorain County and are dismissed for the reasons set forth in Section III.A of this Opinion. Thus, this claim will proceed against Defendant Mowry in his individual capacity only.

### C.  State Law Claims

It is unclear but it appears Plaintiff is also asserting state-law claims against Defendant Mowry for medical malpractice and "medical negligence." These state-law causes of action arise out of the same factual allegations relating to Plaintiff's deliberate indifference claim.

To succeed on a medical malpractice claim in Ohio, a plaintiff must establish the following: (1) the standard of care within the medical community; (2) the defendant's breach of that standard of care; and (3) proximate cause between the breach and the plaintiff's injuries. *See Carter v. Vivyan*, 2012 WL 3291824 at *4 (Ohio App. 10th Dist. Aug. 14, 2012). Because nurses are persons of superior knowledge and skill, nurses must employ that degree of care and skill that a nurse of ordinary care, skill and diligence would employ in the same or similar circumstances. *Berdyck v. Shinde*, 66 Ohio St.3d 573, syllabus ¶ 3 (1993). "In a negligence action involving the professional skill and judgment of a nurse, expert testimony must be presented to establish the prevailing standard of care, a breach of that standard, and that the nurse's negligence, if any, was the proximate cause of the patient's injury." *Ramage v. Cent. Ohio Emergency Serv., Inc*., 64 Ohio St.3d 97, syllabus ¶ 1 (1992). *See also Bruni v. Tatsumi*, 46 Ohio St.2d 127, 131-32 (1976).

The Court has not yet determined whether it will exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Out of an abundance of caution, and in light of Plaintiff's *pro se* status, the Court will not *sua sponte* dismiss Plaintiff's state-law

claims against Defendant Mowry in his individual capacity, as part of this initial screening review.  The Court will determine at a later stage in the proceedings whether it will exercise supplemental jurisdiction over these claims.

     **D.**     **Motion to Stay Proceedings**

On January 30, 2013, Plaintiff filed a Motion to Stay the instant case.  (Doc. No. 5).  The basis for this Motion is not entirely clear.  It appears Plaintiff believes another Lorain County Jail inmate currently has a claim pending against the same Defendants herein.  Plaintiff does not identify this other inmate or provide any information regarding the nature of that inmate's claims, the court in which his/her claims are pending, or the status of that inmate's legal action. Plaintiff asserts this Court should stay the instant action until this other unidentified proceeding has concluded because he "will be in a better position to use this as potential evidence."  (Doc. No. 5 at 1-2).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North America Co.*, 299 U.S. 248, 254-55 (1936).  A party which seeks to stay proceedings "must make out a clear case of hardship or inequity in being required to go foreward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  *Id.*  Accordingly, the "burden is on the party seeking the stay to show that there is pressing need for the delay, and that neither the other party nor the public will suffer harm from entry of the order."  *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977).  *See also Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.*, 2010 WL 55973 at *2 (N.D. Ohio Jan. 5, 2010).  The decision to enter

a stay "ordinarily rests within the sound discretion of the District Court." *Ohio Environmental Council*, 565 F.2d at 396.

The Court finds a stay is not appropriate in the instant case. Plaintiff has not established a "pressing need for delay" or a "clear case of hardship or inequity" in being required to proceed with his case at this time. As best this Court can tell, Plaintiff seeks a stay of the instant case because he hopes another, unidentified action against these Defendants will resolve in favor of the prisoner-plaintiff in that case and that Plaintiff will be able to use this outcome to bolster his own claims. The Court finds this is insufficient grounds for a stay, particularly in light of the lack of information provided to this Court regarding the nature of the unidentified inmate's claims or the status of that inmate's legal proceedings.

Accordingly, Plaintiff's Motion for Stay (Doc. No. 5) is denied.

### E.    Motion for Appointment of Counsel

On January 2, 2013, Plaintiff filed a Motion for Appointment of Counsel. (Doc. No. 3). In that Motion, Plaintiff argues he is indigent and unable to secure funds to hire private counsel. He states the issues involved in this matter are complex and "it will call for expert counsel to file motions, take [depositions], and further investigate this case." (Doc. No. 3 at 2). In addition, he claims this matter will call for expert witnesses, such as "doctors, lawyers, officers, nurses, and/or investigators." (Doc. No. 3 at 2). Finally, he claims he has no formal legal training and limited knowledge of the law.

Appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). It is a privilege that is justified only by exceptional circumstances. *Id. See also Johnson v. City of Wakefield*, 2012 WL 2337343 at * 3 (6th Cir.

-12-

June 20, 2012).  In considering whether "exceptional circumstances" exist, courts have considered the plaintiff's ability to represent himself, the chance of success of plaintiff's claims, and the complexity of the case.  *Lavado*, 992 F.2d at 606.  *See also Johnson*, 2012 WL 2337343 at * 3 (6th Cir. June 20, 2012).

In light of the unique circumstances presented, the Court finds appointment of counsel is appropriate in the instant case.  Plaintiff's claims are medical in nature and he may require assistance in obtaining the records and information necessary to pursue his claims, particularly in light of the fact that he is currently incarcerated and has limited legal knowledge.  Moreover, to the extent Plaintiff has suffered (or may in the future suffer) lingering effects from his alleged stroke, the Court finds counsel may be necessary to assist him in navigating these proceedings.

Accordingly, Plaintiff's Motion for Appointment of Counsel is granted.  (Doc. No. 3).

## V.  CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's claims against the Lorain County Jail and the Lorain County Sheriff's Department are dismissed pursuant to 28 U.S.C. §1915(e). Plaintiff's official capacity claims against Defendant Mowry are also dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  This action shall proceed solely against Defendant Mowry in his individual capacity with respect to Plaintiff's Eighth and Fourteenth Amendment deliberate indifference claim and his state-law medical malpractice claim.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service

---

[2]  28 U.S.C. § 1915(a)(3) provides that: "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

of process and shall include a copy of this Order in the documents to be served upon Defendant

Mowry.

      IT IS SO ORDERED.


                    s/ Christopher A. Boyko
                    CHRISTOPHER A. BOYKO
                    UNITED STATES DISTRICT JUDGE

DATED:  February 11, 2013